IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LONNIE McVICKERS                                                           PLAINTIFF

         v.                       Civil No. 1:08-cv-01053

JEFFREY C. ROGERS,
Prosecuting Attorney; and
ROBERT JEFFERICE,
Public Defender                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Lonnie McVickers (hereinafter "Plaintiff" or "McVickers") filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for a determination of whether service of process should issue.

### BACKGROUND

When he filed this case, McVickers was incarcerated at the Union County Criminal Justice Facility. He alleges he was being held on criminal charges although the "State ha[d] no kind of evidence." He maintains the "prosecutor is on a witch hunt trying to find evidence." According to McVickers it had been twenty-one months and [the prosecutor] hadn't found any evidence.

McVickers further alleged that his attorney was not keeping him informed. McVickers asserted that his attorney did not have his "best interest[s] at heart."

### DISCUSSION

McVickers' claims are subject to dismissal. First, Jeffrey Rogers, the prosecuting attorney, is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431,

96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.   *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear Rogers is entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent McVickers' complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. McVickers can make no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, public defender Robert Jefferice is not subject to suit under § 1983.  A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  *See DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999).  Jefferice does not act under color of state law while representing McVickers in his criminal proceeding.  *See Polk County v. Dodson*,

454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

## CONCLUSION

I therefore recommend that the complaint be dismissed as the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against a Defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**McVickers has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. McVickers is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of September 2008.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE